UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| IRINA V. SHAYN, | Case No. 2:18-cv-00936-KJD-PAL |
| Plaintiff, | **ORDER** |
| v. | |
| JESSICA MICHELLE FAUSSETT et al., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Remand Back to State Court (#5). Defendants filed a response (#11) to which Plaintiff replied (#14).

**I. Background**

On or about May 2, 2016, Plaintiff alleges Defendant Jessica Faussett ("Jessica") failed to use due care on the road and caused an accident. Plaintiff was involved in the accident and received medical treatment for the injuries she sustained, and on April 2, 2018, filed a negligence claim against Jessica. On April 18, 2018, Plaintiff amended her complaint to include Jessica's parents David Faussett ("David") and Patricia Faussett ("Patricia") as defendants. Plaintiff claims that because David and Patricia are co-owners of the car, they are jointly and severally liable for the injuries Plaintiff sustained in the accident.

Defendants claim Jessica is the sole owner of the 2007 Chevrolet Silverado 1500 involved in the accident, and that Plaintiff added David and Patricia to eliminate diversity of parties, thus preventing Defendants from removing to federal court. Based on these allegations, Defendants petitioned to remove this case and to dismiss David and Patricia from the action.

Plaintiff requests that the case be remanded to state court, alleging all defendants are residents of Nevada. However, Defendants claim Jessica has moved to New Zealand, and as such

is no longer a resident of Nevada. The pleadings state Jessica does not own a residence or vehicle in the state, but does have a valid Nevada driver's license. Defendants David and Patricia signed an affidavit stating their daughter moved to New Zealand, but did not include details as to why she moved or how long she intends to remain.

## II. Legal Standard

Removal jurisdiction based on diversity is determined at the time the complaint is filed and the removal is effected, not at the time of the incident that gives rise to the litigation. See Strotek Corp. v. Air Transp. Ass'n of Am., 300 F.3d 1129, 1131–32 (9th Cir. 2002). Diversity must exist when the action is removed. See Newcombe v. Adolf Coors Co., 157 F.3d 686, 690 (9th Cir. 1998). The defendant in a removal action has the burden of proving all jurisdictional facts and establishing that removal is proper. See, e.g., Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); Industrial Tectonics, 912 F.2d at 1092; Abada v. Charles Schwab & Co., 68 F. Supp. 2d 1160, 1162 (S.D. Cal. 1999). Federal courts strictly construe the removal statute against removal jurisdiction. Gaus, 980 F.2d at 566.

Diversity is based on domicile, and "[r]esidence in fact, coupled with the purpose to make the place of residence one's home, are the essential elements of domicile." State of Texas v. State of Florida, 306 U.S. 398, 424 (1939) (citing Mitchell v. United States, 88 U.S. 350, 352 (1874)). To determine if a defendant has intended to establish a domicile, the court looks "to such circumstances as [defendant's] declarations, exercise of political rights, payment of personal taxes, house of residence, and place of business." Krasnov v. Dinan, 465 F.2d 1298, 1301 (3rd Cir. 1972) (citing Wright Federal Courts § 26, at 87 (2d ed. 1970); Mitchell, 88 U.S. at 353). The removal statute is strictly interpreted, and if there are any doubts as to the removability of an issue, they are typically resolved against the right of removal and in favor of remanding the case to state court. See Gaus, 980 F.2d at 564; Abada, 68 F. Supp. 2d at 1162.

## III. Analysis

Defendants failed to meet their burden of proving all necessary jurisdictional facts to establish that removal was proper. "A domicile once acquired is presumed to continue until it is shown to have been changed," and while Jessica currently lives in New Zealand, there has been

no showing that she intends to remain. Mitchell, 88 U.S. at 353. She maintains a valid Nevada driver's license, and Defendants offer no proof of her immigration or visa status in New Zealand, her payment of personal taxes, or her political participation. Jessica's previously acquired domicile is legally valid until she shows she has established a new one, and Defendants did not provide sufficient evidence to show that she has established a new domicile in New Zealand. Thus, for purposes of this action she is domiciled in Nevada and diversity jurisdiction does not exist.

In the event of a remand, Plaintiff requested attorney fees under 28 U.S.C. § 1447(c) which states "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Defendants' motion for removal does not contain unusual circumstances and is objectively reasonable as Jessica's Nevada residency was uncertain. Thus, Plaintiff's request for attorney fees associated with Defendants' petition for removal is denied.

**IV. Conclusion**

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Remand Back to State Court (#5) is **GRANTED.**

Dated this 25th day of July, 2018.

_____
Kent J. Dawson
United States District Judge